37D01-2107-CT-000682

Jasper Superior Court 1

Filed: 7/30/2021 1:46 PM
Clerk
Jasper County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | SS: JASPER SUPERIOR COURT |
| COUNTY OF JASPER | ) | |

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY a/s/o THOMAS CARR | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now Plaintiff, State Farm Fire and Casualty Company a/s/o Thomas Carr, by

counsel, and for its claim for relief against Defendant, Whirlpool Corporation, alleges and says

that:

1.      Plaintiff is a corporation organized and existing under the laws of the State of

Illinois and authorized to do business in Indiana.

2.      Whirlpool Corporation ("Whirlpool") is a corporation organized under the laws of

Michigan with its headquarters at 2000 N. M-63, Tax Dept. MD2610, Benton Harbor, MI 49022,

and at all times relevant herein, was a foreign corporation registered to transact business in the

state of Indiana.

3.      This Court has jurisdiction over the parties and the subject matter of this litigation

pursuant to Rule 4.4(A) of the Indiana Rules of Trial Procedure.

4.      On or about July 26, 2020, Plaintiff insured a residence at 3677 W. Kozak Drive,

in Wheatfield, Indiana ("the Home") owned by Thomas Carr ("Carr").

5.     Prior to that date, Carr purchased a Cabrio Whirlpool Washer for personal use in the Home ("the Washer").

6.     The Washer and/or its components were manufactured by Whirlpool Corporation.

7.     On or about July 26, 2020, the washer caught fire at the Home ("the Fire"), resulting in damages to the insured's property.

8.     Carr has not, at any time since the purchase, altered the washer in any way.

9.     At all times since its purchase, Carr used the washer for its intended purpose only.

10.     Due to the Fire caused by the Washer, Plaintiff incurred damages in the amount of $142,633.79.

11.     Pursuant to the terms of the insurance policy covering the Home, Plaintiff has made payments to or on behalf of its insured as compensation for damages in the amount of $142,633.79 (less the insured's $1,000.00 deductible).

12.     Plaintiff, pursuant to the terms of said insurance policy, is subrogated to the rights of its insured to the extent of its payments to or for the insured's account.

## COUNT I – PRODUCTS LIABILITY – DEFECTIVE MANUFACTURING

13.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

14.     The Fire was proximately caused by the defective and unreasonably dangerous washing machine.

15.     Whirlpool is in the business of selling the Washer and/or its components.

16.     Carr was a "user" of the washer and as such was in the class of persons that Whirlpool should have reasonably foreseen as being subject to harm caused by the defective washing machine.

17.     The Washer and/or its components were defective and unreasonably dangerous at the time it left the control of Whirlpool and remained in a substantially unchanged condition until the Fire on July 26, 2020.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company a/s/o Thomas Carr, respectfully requests judgment against the Defendant, Whirlpool Corporation, in the amount of $142,633.79, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

## COUNT II – PRODUCTS LIABILITY – DEFECTIVE DESIGN

18.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

19.     The Washer and/or its components were defectively designed by Whirlpool and were unreasonably dangerous at the time it was purchased and remained in a substantially unchanged condition until the Fire.

20.     As a direct and proximate result of the Fire that was caused by the Defendant's defective design of the Washer and/or its components, Carr suffered damages in the amount of $142,633.79.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company a/s/o Thomas Carr, respectfully requests judgment against the Defendant, Whirlpool Corporation, in the amount of $142,633.79, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

## COUNT III – PRODUCTS LIABILITY – NEGLIGENT MANUFACTURING

21.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

22.     In manufacturing the Washer and/or its components, Whirlpool had a duty to exercise due and proper care in the manufacturing of its product so that the Washer would not ignite and cause property damage.

23.     As a direct and proximate result of Whirlpool's negligent failure to use reasonable care in manufacturing the Washer and/or its components, Carr suffered damages in the amount of $142,633.79.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company a/s/o Thomas Carr, respectfully requests judgment against the Defendant, Whirlpool Corporation, in the amount of $142,633.79, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

## COUNT IV – NEGLIGENT DESIGN

24.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

25.     In designing the washer, Whirlpool had a duty to exercise due and proper care in the designing of its product so that the washer would not cause property damage.

26.     As a direct and proximate result of Defendant's negligent design, Carr suffered damages in the amount of $142,633.79.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company a/s/o Thomas Carr, respectfully requests judgment against the Defendant, Whirlpool Corporation, in the amount of $142,633.79, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

## COUNT V – BREACH OF IMPLIED MERCHANTABILITY

27.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

28.     As merchants of the Washer and/or its components, Whirlpool impliedly warranted to the insured that the Washer was merchantable.

29.     The implied warranty of merchantability was breached when the Fire occurred, resulting in damages to the Home and Carr's property.

30.     At the time of the Fire, the Washer was, as it always had been, being used for its intended purpose.

31.     As a direct and proximate result of the Defendant's breach of implied warranty of merchantability, Carr suffered damages in the amount of $142,633.79.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company a/s/o Thomas Carr, respectfully requests judgment against the Defendant, Whirlpool Corporation, in the amount of $142,633.79, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

Respectfully submitted,

KAHN, DEES, DONOVAN & KAHN, LLP

By: /s/ Robert P. Lamey
Robert P. Lamey, #35810-82

KAHN, DEES, DONOVAN & KAHN, LLP
501 Main Street, Suite 305
Post Office Box 3646

Evansville, Indiana  47735-3646
Telephone:  (812) 423-3183
Facsimile: (812) 423-3841
Email: rlamey@kddk.com

       The undersigned hereby certifies that the foregoing document complies with the requirements of the Indiana Trial Rules on Access to Court Records.

                             */s/ Robert P. Lamey*
                             Robert P. Lamey

**37D01-2107-CT-000682**

**Jasper Superior Court 1**

Filed: 7/30/2021 1:46 PM
Clerk
Jasper County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | SS: JASPER SUPERIOR COURT |
| COUNTY OF JASPER | ) | |

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY a/s/o THOMAS CARR | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. |
| WHIRLPOOL CORPORATION, | ) | |
| Defendant. | ) | |

**TO THE ABOVE NAMED DEFENDANT OR DEFENDANTS:**

You have been sued by the person(s) named "plaintiff", in the court stated above. The nature of the suit against you is stated in the complaint which is attached to this document. It also states the demand which the plaintiff has made and wants from you. You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, or judgment may be entered against you for what the plaintiff has demanded. If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer to the Jasper Superior Court, 115 W. Washington St., Rensselaer, IN 47978, (219)866-4927.

The following manner of service of summons is hereby designated: **CERTIFIED MAIL.**

If not so designated, the clerk shall cause service to be made by mail.

Date: July 30, 2021

Robert P. Lamey, #35810-82
KAHN, DEES, DONOVAN & KAHN, LLP
501 MAIN STREET, P.O. BOX 3646
EVANSVILLE, IN 47735-3646
TELEPHONE: (812) 423-3183

Kara Fishburn, Clerk

By _____, Deputy

(S E A L)

**CERTIFICATE OF MAILING**

I hereby certify, that on the _____ day of _____, 2021, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) _____ and _____ by (registered or certified) mail, requiring a return receipt signed by the addressee only, addressed to each of said defendant(s), at the addresses furnished by the plaintiff.

Dated _____, 2021.

Kara Fishburn, Clerk

By_____, Deputy

**RETURN OF SERVICE OF SUMMONS BY MAIL**

I hereby certify that service of summons with return receipt requested was mailed on the _____ day of _____, 2021, and that a copy of the return receipt was received on the _____ day of _____, 2021, which copy is attached herewith.

Dated_____, 2021.

Kara Fishburn, Clerk

By_____, Deputy

**RETURN ON SERVICE OF SUMMONS BY SHERIFF**

I hereby certify that I have served the within summons:

     1.     By delivering personally on the _____ day of _____, 2021, a copy of the summons and a copy of the complaint to each of the within named defendant(s)_____.

     2.     By leaving on the _____ day of _____, 2021, for each of the within named defendant(s)_____ a copy of the summons and a copy of the complaint at the respective dwelling place or usual place of abode with some person of suitable age and discretion whose duties or activities include prompt communication of such information to the person being served.

     3.     By leaving on the _____ day of _____, 2021, for each of the within named defendant(s)_____ a copy of the summons and a copy of the complaint at the respective or usual place of business or employment with some person of suitable age and discretion whose usual duties or activities include prompt communication of such information to the person being served.

Whenever service is made on part 2. or 3., there shall be added:

     That on the _____ day of _____, , I sent by first class mail a copy of the summons without the complaint to each of the within named defendant(s)_____.

| | |
|---|---|
| Fees:    Summons_____ | |
|          Mileage_____ | Sheriff of _____ County, Indiana |
|          Total_____ | By_____Deputy |

**WHIRLPOOL CORPORATION**
**C/O CORPORATION SERVICE CO.**
**135 N. PENNSYLVANIA ST., SUITE 1610**
**INDIANAPOLIS IN 46204**